**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANG XIANG,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-70507<br><br>Agency No. A205-752-951<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2021[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

Yang Xiang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (BIA) denial of his motion to reopen his removal

proceedings.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  We review the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's order denying a motion to reopen for abuse of discretion, *INS v. Abudu*, 485 U.S. 94, 107 (1988), and the factual findings underlying the BIA's decision for substantial evidence, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition.

1.      The parties do not dispute that Xiang's motion to reopen was untimely.  8 U.S.C. § 1229a(c)(7).  The 90-day time limit does not apply if a motion to reopen is "based on changed country conditions arising in the . . . country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  *Id*. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion by concluding Xiang was not entitled to reopen his proceedings based on his argument that conditions for Christians in China have materially changed since 2015.  The BIA properly concluded that Xiang did not introduce evidence of materially changed country conditions for the vast majority of Christians in China.  Xiang offered evidence at his first merits hearing that, as early as 2015, free religious practice was heavily constrained in China.  The record does not compel a contrary conclusion.

2.      Substantial evidence also supported the BIA's determination that Xiang could not establish prima facie eligibility for asylum even if he were able to

show materially changed country conditions. *See Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). To establish prima facie eligibility for asylum, an applicant must show that he is "unable or unwilling" to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).

The BIA properly concluded Xiang's 2016 Bible study certificate and baptismal certificate were not new evidence that post-dated his second merits hearing in April 2017, and declined to consider them on that basis. *See Agonafer*, 859 F.3d at 1204. Xiang argues that the BIA was required to decide he was a practicing Christian in China, but the IJ discredited his testimony that he would be persecuted on account of his Christian faith due to the adverse credibility determination. Xiang also points to more recent declarations from him and a pastor who vouched that he was a practicing Christian at the time of his first application and continues to be, but this evidence only verifies that he attended religious services for a brief period of time after he arrived in the United States. Even assuming Xiang is a practicing Christian, he failed to show that he faces a particularized threat of persecution on account of his religion if he returns to China. He argues that he is "on the radar" of the Chinese government, but admits

3

this is because the Chinese government issued a warrant for his arrest, not because of his religion.

3.    Xiang argues in passing that his new evidence also supports prima facie eligibility for relief pursuant to the Convention Against Torture. The evidence Xiang offers is largely cumulative of the evidence he submitted at his first merits hearing. Further, Xiang does not explain why his generalized evidence of prison conditions in China demonstrates it is more likely than not he will be tortured by government officials or with government acquiescence. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (citing 8 C.F.R. § 208.18(a)(1)).[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Xiang's motion for a stay of removal (ECF 3) is denied as moot.